**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jorge Barboza, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:17-cv-851 |
| Chessie's Ice House, Inc., d/b/a Chessie's Restaurant, and James Nelson | ) ) ) ) ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT**

Defendants Chessie's Ice House and James Nelson, by and through their undersigned counsel, hereby move the Court to approve the parties' Settlement Agreement, attached as Exhibit 1, and enter an order dismissing the above-captioned matter with prejudice.  In support thereof, Defendants state as follows.

**I.      Background**

This instant Complaint stems from allegations made by Plaintiff Jorge Barboza ("Plaintiff" or "Barboza") against Defendants Chessie's Ice House, Inc., d/b/a Chessie's Restaurant and James Nelson (collectively "Defendants" or "Chessie's") arguing that Defendants violated the Fair Labor Standards Act (FLSA), 28 U.S.C. § 201, *et seq*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.  More specifically, the Plaintiff alleged that the Defendants had failed to compensate him the proper overtime rate of pay for all hours worked in excess of 40 hours per workweek.  Plaintiff has not alleged that he was required to work "off the clock," only that his overtime was calculated improperly.  Plaintiff originally calculated that his

claim has an estimated worth of approximately $33,600 before litigation costs and attorneys' fees.

Defendants believe the Plaintiff's FLSA and IMWL claims are meritless and that Defendants at all times acted in good faith compliance with the law. Furthermore, based on their review of their timekeeping records, Defendants believe that even if Plaintiff's allegations are true as stated, Plaintiff's maximum recovery would be $2,562.25 based on a two-year limitations period.

Defendants provided Plaintiff with detailed payroll records to substantiate its defenses to liability and to support its calculation of the potential liability. The parties found those payroll records to be accurate and a helpful tool to foster their settlement discussions.

Despite the parties' beliefs that each of their arguments has merit and their willingness to move forward with this case if necessary, the Plaintiff and Defendants entered into settlement discussions to resolve this matter. During negotiations, both parties were represented by competent counsel experienced in this area of the law. Both parties' counsel found that there are good-faith factual and legal disputes, including: whether the time at issue should be compensated at an overtime rate of pay; whether a two-year or three-year statute of limitations would apply; whether Plaintiff would be entitled to recover liquidated damages; and whether Plaintiff could recover liquidated damages under both the FLSA and the IMWL. As such, both parties agree that rather than incur costly litigation expenses with an uncertain outcome, settlement of the case will be a significantly better resolution for both parties.

Plaintiff's counsel has reviewed and discussed the Settlement Agreement with the Plaintiff. Plaintiff's counsel believes it is a just resolution of the Plaintiff's claim and confers substantial benefit upon the Plaintiff, and that litigation could be protracted and uncertain.

{00433633.DOCX v. 2 }                                     2

Likewise, Defendants' counsel has reviewed and discussed the Settlement Agreement with Defendants, similarly concluding that the Agreement provides the most beneficial and desirable conclusion to the instant case.

## II.     Argument

The parties respectfully request the Court find the Settlement Agreement is appropriate, approve the Agreement, and, lastly, dismiss the Complaint with prejudice with each party to bear their own costs and fees except as otherwise provided in the Agreement.  Under the FLSA, either a court or the Secretary of Labor must approve a private settlement of an FLSA claim. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Ellison v. Nisource, Inc.*, No. 2:15-CV-59-TLS, 2016 WL 782857, at *1 (N.D. Ind. Feb. 29, 2016). When reviewing a settlement agreement, a court will examine "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Ellison*, 2016 WL 782857, at *1 (internal citations removed). Typically, a court will approve an agreement if "it is based on contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* Essentially, the court must determine whether "the value of an immediate recovery outweighs the mere possibility of further relief after litigating the matter further at the trial court level." *Id.*

Given these factors, this Court should approve the parties' Settlement Agreement. Following "arm's-length" settlement negotiations during which the parties were represented by competent counsel who are experienced in this area of the law, Defendants have agreed, among other things, to pay the Plaintiff a gross sum of $12,000. *See* Ex. 1. Based on the estimated

likelihood of success at trial, as well as the value of the Plaintiff's claim and cost of litigation,

Plaintiff and his counsel believes this is a fair and just amount for settlement. Thus, the

Agreement is a "reasonable comprise of the disputed issues."

Additionally, if the parties were unable to settle this matter, costly litigation would almost

certainly ensue. There are significant questions of law and fact regarding Defendants' liability

and the Plaintiff's entitlement to damages. The Plaintiff alleges Defendants failed to pay him

overtime when he worked in excess of forty hours per week, while Defendants deny any

wrongdoing. Although either party may achieve a more favorable result at trial, this "mere

possibility of further relief" does not outweigh the benefit of this certain and immediate

resolution.

## III.     This Motion Is Unopposed

Counsel for Defendants has reviewed this motion with John Kunze, counsel of record for

Plaintiff. Mr. Kunze represented that the Plaintiff does not oppose this motion for court approval

of the settlement agreement.

## IV.     Conclusion

Therefore, for the reasons stated above, Defendants respectfully request this Court

approve the parties' Settlement Agreement and enter an order dismissing the instant Complaint

with each party to bear its own costs and fees, except as otherwise provided in the Settlement

Agreement.

Respectfully submitted,

Benjamin E. Gehrt
Roxana M. Crasovan                           CHESSIE'S ICE HOUSE, *et al.*
CLARK BAIRD SMITH LLP
6133 North River Road, Suite 1120
Rosemont, Illinois 60018                     By /s/ Roxana M. Crasovan
847.378.7700                                        One of Their Attorneys

{00433633.DOCX v. 2 }                        4

## CERTIFICATE OF SERVICE

I, Roxana M. Crasovan, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing *Unopposed Motion for Court approval of Settlement Agreement*, to be served upon the following, by filing the same with the Court's CM/ECF electronic filing system on April 24, 2016.

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 East 5th Avenue, Suite 123
Naperville, Illinois 60563
630.355.7590

/s/ Roxana M. Crasovan